IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


EDDIE BLACK                                                                              PLAINTIFF

V.                                                          CIVIL ACTION NO.3:04CV141-MPM-JAD

GEO/WACKENHUT, et al                                                          DEFENDANTS

## REPORT AND RECOMMENDATION

The defendants have moved for summary judgment asserting that Black cannot establish a

prima facie case and therefore the case should be dismissed.  Black filed his complaint under 42

U.S.C. § 1983 alleging that he developed foot problems after being forced to wear flip-flops for a

period of twenty-eight days. He claims in part that being forced to wear flip-flops was retaliation for

an earlier legal action.  He complains that he was seen more quickly than was convenient by the

facility's  paralegal, and on occasions not as quickly as he would have found convenient.  He also

was allowed to amend his complaint to include a claim for having slipped and fallen in the cafeteria,

followed by medical care that he found less than stellar and by providers he found less than

courteous.  Even read liberally, Black's complaints boil down to his having found life in prison

unpleasant and the level of services and courtesy provided by GEO/Wackenhut and its employees

sadly lacking.

Black complains that he was compelled to wear flip-flops for a twenty-eight day period.  He

claims to have developed permanent problems with his feet and legs as a result of wearing the flip-

flops.  If his proof fails on any one element for which he bears the burden of proof, summary

judgment is appropriate.  Leaving aside all the other problems of proof,[1] Black has not offered any

---

[1] He offers no allegations of any individuals involvement in retaliation.  He offers no
suggestion as to how any policy or custom of GEO was implicated in shoes provided to him.

expert to testify to causation. Black is not competent to establish that the wearing of flip-flops caused or contributed to the leg and foot problems he claims. This claim should be dismissed with prejudice. It is legally and factually frivolous.

Black complains that he was forced to wait too long to see the facility's paralegal, Bernice Brown. He complains also that on occasion his appointments were sooner than he found convenient. He does not suggest that his access to the courts has been denied or that he has been prejudiced in the courts in any fashion. Defendants were not obliged to provide legal assistance. In the absence of a showing of real detriment, there is no cognizable claim to be presented at trial. *Oaks v. Wainwright,* 430 F. 2d 241 (5th Cir. 1970). This claim should be dismissed with prejudice. It is legally and factually frivolous.

Finally in his amendment, Black complains that he slipped and fell on water in the cafeteria. He was not satisfied with the quality, speed or courtesy with which medical services were provided.. He also apparently wishes to recover for the fall itself. He claims to have fallen on October 18, 2004. He saw nurses three times and was given ibuprofen over the next two weeks. He filed his motion to amend at the end of October. The court inadvertently allowed the amendment, though Black had clearly not exhausted his administrative remedies. This portion of the claim should be dismissed for failure to exhaust administrative remedies.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations.

---

*Monell v. Department of Social Services,* 436 U.S. 658, 694 (1978). He offers no suggestion of any involvement of Bernice Brown in this incident. Williams only alleged involvement is having seen Black outside his pod and having sent him back into the pod. Black says he was wearing flip-flops and that he was to be taken to see the doctor. He does not allege that Williams was aware of those facts. He claims Williams' actions caused a one week delay in seeing the doctor.

Objections  are required to be in writing and must be filed within ten days of this date.  Failure to

file written objections to the proposed finding and recommendations contained in this report within

ten days from the date of filing will bar an aggrieved party from challenging on appeal both the

proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass*

*v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing

the enclosed acknowledgment form and returning it to the court within ten days of this date.

Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the

dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply

with an order of the court.

This the 15th day of September, 2005.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE