# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

EDDIE BLACK,                                                                                    PLAINTIFF

V.                                                                                    NO. 3:04CV141-M-D

GEO/WACKENHUT, et al.,                                                              DEFENDANTS

## ORDER

The Fifth Circuit Court of Appeals has remanded this cause for a second time with instructions to determine whether Plaintiff has demonstrated good cause or excusable neglect for filing an untimely notice of appeal. See Fed. R. App. P. 4(a)(5)(A). The final judgment from which Plaintiff would like to appeal was entered on October 26, 2005. His notice of appeal was, therefore, due on or before November 25, 2005. Plaintiff's notice of appeal was dated November 15, 2005, but was postmarked, however, on November 29, 2005, and received by this court on November 30, 2005. Plaintiff had been released from confinement well over a year before he filed the notice of appeal and, thus, he may not take advantage of the "prison mailbox rule."

In support of his contention that the notice of appeal was timely, Plaintiff offers that he mailed the notice on November 15, 2005, and that it was returned to him without having been delivered. Plaintiff offers that he placed the notice, still in its envelope, into another envelope and remailed it.

The appellant bears the burden of establishing excusable neglect or good cause. *Birl v. Estelle*, 660 F.3d 592, 593 (5th Cir. 1981). The concepts of excusable neglect and good cause are somewhat elastic. *Pioneer Investment Serv. Co. v. Brunswick Assoc. Limited Partnership*, 113 S.Ct. 1489 (1993). There are a number of factors the court considers in determining whether the equities permit a finding of excusable neglect or good cause. *Id.*

As is routine, the clerk's office retained the envelope in which Plaintiff's notice was received. Noticeably absent from the record is the purported second envelope which Plaintiff contends was returned to him. Unfortunately, there is no evidence either to support or refute Plaintiff's proffer. The court finds that the Plaintiff's self-serving reason for the delay and good faith do not lend support to finding excusable neglect or good cause. However, the lack of prejudice to Defendants, the length of the delay and its impact on the proceedings do weigh in favor of Plaintiff. Therefore, the court generously finds that Plaintiff has demonstrated marginal good cause for the tardy notice of appeal.

It is hereby

**ORDERED** that Plaintiff has demonstrated good cause for his untimely filed notice of appeal. The court therefore directs the Clerk of the Court to return the instant case to the Fifth Circuit Court of Appeals in accordance with the order of that court dated October 12, 2006.

THIS the 13th day of December, 2006.

  /s/ Michael P. Mills  
  **UNITED STATES DISTRICT JUDGE**